### SHANLEY v. STANLEY.

*(Superior Court of New York City, General Term. July 2, 1891.)*

MASTER AND SERVANT—DEFECTIVE APPLIANCES—PROVINCE OF JURY.

    In an action by a servant for injuries caused by the breaking of a machine with which he was working, plaintiff testified that he did not know that the machine was defective, and it did not affirmatively appear that he was otherwise chargeable with negligence. Defendant introduced evidence of contributory negligence, and there was evidence that the machine had become unsafe from long use, and that defendant could have discovered that fact by the exercise of ordinary care. *Held*, that defendant's negligence and plaintiff's contributory negligence were properly submitted to the jury.

Appeal from jury term.

Action by Michael Shanley against John Stanley. From judgment in favor of plaintiff entered on the verdict of a jury, and from an order denying a motion for a new trial, defendant appeals.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

*Frederick G. Gedney*, for appellant. *Goff & Pollock*, for respondent.

FREEDMAN, J. This action was brought to recover damages for personal injuries sustained by the plaintiff through the negligence of the defendant. The plaintiff was a workman employed in and about the soap factory of the defendant, and engaged, as such, in the performance of his work at the time he sustained the injuries complained of. In the factory of the defendant there was an iron tank or kettle, from which protruded a pipe, which had been screwed into the tank or kettle in a way intended to secure a permanent fastening. At the time of the accident, the plaintiff, in the performance of his usual duties, was engaged, with the assistance of another man, in fastening another pipe to the pipe protruding from the tank or kettle, when the latter suddenly was blown or forced out, and the boiling soap spurted out through the opening and injured the plaintiff. According to the testimony of the plaintiff, he neither knew of the defect which caused the occurrence, nor was he chargeable, as matter of law, with a neglect of duty in not having discovered the defect, nor did it appear affirmatively that he was otherwise chargeable with negligence which contributed. The question of plaintiff's contributory negligence was therefore one for the jury. The testimony adduced by and on behalf of the defendant upon this branch of the case was not so convincing as to call for a different result. The question of defendant's negligence was also one for the jury. True, the defendant was not bound to furnish the best of known or conceivable appliances, and it was enough if the pipe protruding from the tank or kettle was fastened into it so as to be reasonably safe; but there was some evidence of improper and unsafe construction from the start which raised a question for the jury. Moreover, there was evidence upon which, if credited, the jury had a right to find that the fastening, if originally sufficient, had become unsafe by long-continued use, and that the defendant, by the exercise of ordinary care and prudence, could and should have discovered the fact, but that he failed to discover it, because for years he had omitted to make any inspection or examination. The verdict, which was for only $500, accords with substantial justice, and upon the whole case none of the exceptions urged upon the appeal presents ground for reversal. The judgment and order should be affirmed, with costs. ·